Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

Elliot McGucken, an individual,

Plaintiff,

v.

National Geographic Partners, LLC, a
Delaware limited liability company;
Yasno Publishing, LLC, a Russia limited
liability Company; Editorial Televisa,
S.A. de C.V., a Mexico company; and
DOES 1-10, inclusive,

Defendants.

Case No.:

**COMPLAINT FOR**:

1. COPYRIGHT INFRINGEMENT

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

   JURY TRIAL DEMANDED

Plaintiff, Elliot McGucken ("McGucken") by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.     Plaintiff Elliot McGucken is an individual residing in Los Angeles County.

5.     McGucken is informed and believes and thereon alleges that Defendant National Geographic Partners, LLC. ("NatGeo") is a Delaware limited liability company and is doing business in the State of California.

6.     McGucken is informed and believes and thereon alleges that Defendant Yasno Publishing, LLC ("Yasno") is a Russia limited liability company doing business in and with the State of California.

7.     McGucken is informed and believes and thereon alleges that Defendant Editorial Televisa, S.A. de C.V. ("Televisa") is a Mexico company doing business in and with the State of California.

8.     Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed McGucken's copyrights, have contributed to the infringement of McGucken's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to

McGucken, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.     McGucken is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of McGucken's rights and the damages to McGucken proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHY

10.     McGucken is an award-winning fine art photographer who created and owns numerous original photographs ("Subject Photography"), depicted in **Exhibit A-1** and **Exhibit A-2** attached hereto.

11.     Prior to the events complained of herein, McGucken registered the Subject Photography with the United States Copyright Office at Registration Numbers VA0002148759 and VA0002150908.

12.     Prior to the events complained of herein, McGucken widely publicly displayed the Subject Photography including through McGucken's website, *emcgucken.com*, and through properly authorized publications by third-parties.

13.     McGucken is informed and believes and thereon alleges that, following his publication and display of the Subject Photography, Defendants, and each of them, reproduced, distributed, displayed, and otherwise exploited the Subject Photography for commercial benefit, including at websites *www.ngenespanol.com*, which is owned and operated by NatGeo and Televisa, and *www.nat-geo.ru*, which is

owned and operated by NatGeo and Yasno, without McGucken's authorization or consent. Non-inclusive exemplars of Defendant's infringing uses of the Subject Photography are depicted in **Exhibit A-1** and **Exhibit A-2** attached hereto ("Infringing Uses").

14.     McGucken is informed and believes and thereon alleges that Defendants, and each of them, access the Subject Photography through, without limitation, McGucken's website, third-party uses, McGucken's many features and publications, or through social media.

15.     A comparison of the Subject Photography with the corresponding images of the Infringing Uses reveals that elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

16.     McGucken is informed and believes and thereon alleges that Defendants, and each of them, were involved in creating and/or developing the Infringing Uses, and/or supplying, marketing, distributing, selling, and otherwise providing the Infringing Uses to third parties, including without limitation, the public.

17.     McGucken at no time authorized Defendants, or any of them, to use the Subject Photography as complained of herein.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

18.     McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

19.     McGucken is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photography, including, without limitation, through (a) viewing the Subject Photography on McGucken's website, (b) viewing Subject Photography online, and (c) viewing Subject Photography through a

third party. McGucken further alleges that the identical nature of the copying establishes access.

20.    McGucken is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images that were unauthorized copies of the Subject Photography, and exploited said photography online and in productions.

21.    McGucken is informed and believes and thereon alleges that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works from the Subject Photography and by publishing and displaying the infringing material to the public, including without limitation, through its website or elsewhere.

22.    McGucken is informed and believes and thereon alleges that Defendants, and each of them, infringed McGucken's rights by copying the Subject Photography without McGucken's authorization or consent.

23.    Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

24.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photography. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photography in an amount to be established at trial.

25.    McGucken is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

26.    McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27.    McGucken is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photography.

28.    McGucken is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posts that incorporated the unauthorized copies of the Subject Photography, and were able to supervise the publication of said posts.

29.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

30.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photography. As such, McGucken is entitled to disgorgement of Defendants'

profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photography, in an amount to be established at trial.

31.     McGucken is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

## Against all Defendants, and Each:

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a.  That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography from any print, web, or other publication owned, operated, or controlled by any Defendant.

b.  That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c.  That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d.  That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

e.  That Plaintiff be awarded their costs and fees under the above statutes;

f.  That Plaintiff be awarded statutory and enhanced damages under the statutes set forth above;

g.  That Plaintiff be awarded pre-judgment interest as allowed by law;

h.  That Plaintiff be awarded the costs of this action; and

i.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 28, 2022          By: _____

Scott Alan Burroughs, Esq.
Frank Trechsel, Esq.
DONIGER / BURROUGHS
*Attorney for Plaintiff*

# EXHIBIT A-1

| **Subject Photography** | **Infringing Uses** |
|---|---|
|  | http://www.nat-geo.ru/nature/1261646-v-doline-smerti-poyavilos-ozero-klimaticheskiy-fenomen/ |



https://s3.nat-geo.ru/images/2019/4/10/8134153faad248469e1139c3199cdd88.max-2000x1000.jpg







http://www.nat-geo.ru/nature/1261646-v-doline-smerti-poyavilos-ozero-klimaticheskiy-fenomen/







https://s3.nat-geo.ru/images/2019/4/10/1e5a3022fe5a4211a74b62a5dbaca6d2.max-2000x1000.jpg



http://www.nat-geo.ru/nature/1261646-v-doline-smerti-poyavilos-ozero-klimaticheskiy-fenomen/



# EXHIBIT A-2

| **Subject Photography** | **Infringing Uses** |
|---|---|
|  | https://www.ngenespanol.com/wp-content/uploads/2019/03/lago-valle-de-la-muerte-768x394.png |
| | https://www.ngenespanol.com/travel/aparece-un-lago-en-uno-de-las-zonas-mas-secas-de-america-del-norte/ |



https://www.youtube.com/watch?v=LOCqeN0ZmjE



https://twitter.com/CsNoticias_Coah/status/1106427096471994368?ref_src=twsrc%5Etfw%7Ctwcamp%5Etweetembed%7Ctwterm%5E1106427096471994368&ref_url=https%3A%2F%2Fwww.ngenespanol.com%2Ftravel%2Faparece-un-lago-en-uno-de-las-zonas-mas-secas-de-america-del-norte%2F





https://www.ngenespanol.com/travel/aparece-un-lago-en-uno-de-las-zonas-mas-secas-de-america-del-norte/





